**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ABEL SISCO, on behalf of himself and all
others similarly situated,

Plaintiff,

v.

XPRESS DISTRIBUTION, INC, SMART USA
INC., JAMSHID SOLEIMANY-KASHI., ABC
CO. 1 through 10, and JOHN DOE 1 through
10.

Defendants.

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff, through his undersigned counsel, The Law Offices of Thomas H. Andrykovitz,

P.C., respectfully alleges the following:

**STATEMENT OF THE CASE**

This is a collective and class action brought by Representative Plaintiff Abel Sisco

("Sisco") on behalf of himself and all members of the proposed collective and class, as defined

below (collectively, "Plaintiffs") who work or have worked for XPRESS DISTRIBUTION, INC.

and/or SMART USA, Inc., (collectively referred to as the "Entity Defendants").

The Entity Defendants are, and at all times herein pertinent were, owned and operated by

Defendant Jamshid Soleimany-Kashi ("Soleimany"), (also referred to as the "Individual

Defendant") (collectively, Individual Defendant and Entity Defendants are referred to as the

"Defendants").

The Defendants are involved in the wholesale distribution of various medical supplies.

Despite operating under the auspices of different entities, the Defendants operate a single

integrated enterprise. This single integrated enterprise has jointly employed the Plaintiff and all of

those similarly situated. The enterprise is centrally controlled by Defendant Soleimany-Kashi, who owns, manages, and oversees the totality of all the distribution and wholesale operations.

Defendants willfully and intentionally committed widespread violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New York Labor Law ("NYLL") by engaging in a pattern and practice of intentionally failing to pay Plaintiff, and others similarly situated, for each hour worked, including overtime.  Defendants willfully and intentionally failed to record all the time that Plaintiff, and others similarly situated, worked, including time worked in excess of forty (40) hours per week, as part of their illegal policy.  Plaintiffs allege, pursuant to the FLSA, that they are entitled to recover from Defendants: unpaid wages, unpaid overtime, liquidated damages, pre-judgement and post-judgement interest, and attorneys' fees and costs.

Plaintiffs further allege, pursuant to the NYLL, that they are entitled to recover from Defendants: unpaid wages, including spread of hours, unpaid overtime, liquidated damages, up to five thousand dollars ($5,000.00) for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, up to five thousand dollars ($5,000.00) for Defendants' failure to provide paystubs that accurately and truthfully listed Plaintiffs' hours and other legally required information, nine percent (9%) simple pre-judgement interest as provided by the New York Civil Practice Law and Rules ("CPLR") N.Y.C.P.L.R. § 5004, post-judgement interest, and attorneys' fees and costs.

## JURISDICTION AND VENUE

1.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.  This Court has supplemental jurisdiction over Plaintiff's claims under the New York Labor Law ("NYLL"), as they are so related to the claims in this action within

the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Plaintiff ABEL SISCO was, at all times relevant herein, a resident of the State of New York, and an employee of the Defendants for the last six (6) years.  Copies of Plaintiff Sisco's paystubs are attached hereto as *Exhibit A*.

4.      Defendant XPRESS DISTRIBUTION, INC ("Xpress"), is a domestic corporation with a principal address of 69-07 69th Place, Glendale, New York.

5.      Defendant Xpress is a wholesale durable medical equipment ("DME") supply company authorized to do business in the State of New York.  On information and belief, Defendant Xpress supplies retailers with DME and/or other related devices.

6.      Upon information and belief, Defendant Xpress is a business engaged in interstate commerce that had gross sales in excess of five hundred thousand dollars ($500,000.00) per year during the relevant time period.

7.      Defendant SMART USA, ("Smart USA"), is a domestic business corporation with a principal address of 1440 5th Avenue, Bayshore, New York.  Defendant Smart USA was previously located adjacent to Defendant Xpress for a significant portion of the last six (6) years.

8.      Defendant Smart USA is a manufacturer of aluminum and plastic food grade packaging.

9.      Upon information and belief, Defendant Smart USA is a business engaged in interstate commerce that had gross sales in excess of five hundred thousand dollars ($500,000.00) per year during the relevant time period.

10.     Defendant JAMSHID SOLEIMANY-KASHI, ("Soleimany") is a natural person residing in the State of New York.

11.     Defendant Soleimany is the Chief Executive Officer of Xpress Distribution Inc. and Smart USA, Inc.

12.     At all times relevant to this lawsuit, Defendant Soleimany had the power to hire and fire employees, set employee wages, retain time and payroll records, and otherwise control the terms and conditions of all employees, including Plaintiff, the proposed collective, and the proposed class.

13.     Upon information and belief, Defendant Soleimany owned or controlled the other Defendants throughout the relevant time period.

14.     Defendants ABC CO. 1 through 10 are fictitious entities, the identities of which are unknown at present, but are liable to Plaintiffs by reason of their knowing and joint participation in the conduct that damaged Plaintiffs pursuant to the doctrine of *respondeat superior*, or are otherwise responsible to Plaintiffs for the wrongful conduct referred to herein.

15.     Defendants John Does 1 through 10 are fictitiously named defendants, the identities of which are unknown at present, but who are liable to Plaintiffs by reason of their knowing and joint participation in the conduct that damaged Plaintiffs, and who aided and abetted, ratified, authorized, acquiesced in, approved or condoned the misconduct complained of in this complaint, and specifically, includes all individuals who participated in the illegal conduct referred to herein

4

and/or who engaged in intentional and/or reckless extreme and outrageous conduct, which caused Plaintiffs harm.

16.     Defendants Xpress Distribution Inc., Smart USA, Inc., Jamshid Soleimany-Kashi, ABC Co. 1 through 10, and John Does 1 through 10 (collectively referred to as the "Defendants"), jointly and severally shared ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records.

17.     Defendants exercised sufficient control of day-to-day operations to be considered Plaintiffs' employers under the FLSA and New York Labor Law.

18.     Defendants Xpress Distribution Inc., Smart USA, Inc., and ABC Co. 1 through 10 constitute an enterprise.  Defendant Xpress paid employees to perform work for Defendant Smart USA.

19.     At all relevant times herein, Defendants were, and continue to be, single and joint employers and have had a high degree of interrelated and unified operation, and shares common management, centralized control of labor relations, common ownership, common control, common website, common business purposes, and interrelated business goals.

## COLLECTIVE ACTION ALLEGATIONS

20.     Named Plaintiff brings Count One as a collective action to recover overtime compensation and liquidated damages from Defendants under the applicable provisions of the FLSA, 29 U.S.C. §216(b), on his own behalf as well as on behalf of those in the following collective: All non-exempt employees of Defendants on or after three (3) years before the date this lawsuit is filed.

21.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate the Named Plaintiff and the putative FLSA Collective Members ("Collective Members").

22.    Consistent with Defendants' policy and pattern or practice, the Named Plaintiff and the Collective Members have not been paid complete premium overtime compensation for hours worked beyond forty (40) in any single work week.

23.    The Named Plaintiff and the Collective Members have performed tasks which were assigned to them by Defendants, and/or Defendants have been aware of all of the work that they have performed and have suffered and permitted them to perform all such tasks.

24.    Defendants have exercised sufficient supervision, direction, and control over the Plaintiff and Collective Members by, *inter alia*, (1) assigning them job duties and responsibilities; and (2) controlling all of the terms and conditions of their employment, including their hours and their compensation, as well as policies and practices they were required to follow.

25.    As part of their regular business practices, Defendants have intentionally imposed unlawful policies and practices upon the Named Plaintiff and the Collective Members, which include, but are not limited to:

    a.    Willfully failing to pay them premium overtime wages for all hours worked in excess of 40 hours per workweek; and

    b.    Willfully failing to record all of the time that they have worked for the benefit of the Defendants.

26.    Defendants' unlawful conduct pled herein constitutes a common policy and practice enacted across all of these entities of minimizing labor costs by failing to properly compensate the Named Plaintiff and the Collective Members for the overtime hours they have worked.

27.    Defendants are aware or should have been aware that federal law required them to pay the Named Plaintiff and the Collective Members overtime premiums for all hours worked in excess of forty (40) per workweek.

28.     The Named Plaintiff and the Collective Members perform or performed the same or similar primary duties.

29.     Defendants' unlawful conduct has been systematic, widespread, repeated, and consistent.

30.     There are many similarly situated current and former employees who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

31.     Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

32.     The Named Plaintiff brings Counts Two, Three, Four, and Five, individually, and as representative of a class, under Rule 23 of the Federal Rules of Civil Procedure, consisting of all non-exempt employees of Defendants within six (6) years before the date this lawsuit is filed.

33.     The Members of the Rule 23 Class are so numerous that joinder of all Members is impracticable. Upon information and belief, the size of the Rule 23 Class is over thirty (30) individuals. Although the precise number of such employees is unknown, the data necessary to ascertain this with precision is within the exclusive possession and control of the Defendants.

34.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Rule 23 Classes as a whole.

35.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a.    Whether Defendants unlawfully required Plaintiff and the Rule 23 Class to work off the clock, thereby denying them overtime premiums under the NYLL;

b.    Whether Defendants unlawfully reduced the number of hours Plaintiff and the Rule 23 Class worked in Defendants' own payroll system;

c.    Whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked;

d.    Whether Defendants correctly compensated Plaintiff and the Rule 23 Class for spread-of-hours pay when the length of their workday was greater than ten (10) hours;

e.    Whether Defendants correctly compensated Plaintiff and the Rule 23 Class for all hours work in excess of forty (4) in a single workweek;

f.    Whether Defendants failed to keep true and accurate time and pay records for all hours worked by the Plaintiff and the Rule 23 Class;

g.    Whether Defendants failed to furnish the Plaintiff and the Rule 23 Class with annual wage notices, as required by the NYLL;

h.    Whether Defendants failed to furnish the Plaintiff and the Rule 23 Class with proper wage statements with every payment of wages, as required by the NYLL;

i.    Whether Defendants' policy of failing to properly pay Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law; and

j.    The nature and extent of class-wide injury and the measure of damages for those injuries.

36.     The claims of the Named Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Named Plaintiff and all of the Rule 23 Class Members work, or have worked, for Defendants as manual laborers, including cleaners, stockers, packers, drivers, and/or maintenance workers.  The Named Plaintiff and the Rule 23 Class Members enjoy the same statutory rights under the NYLL, including the right to be appropriately compensated for all hours worked, to be paid overtime compensation, and to receive legally required wage notices.  The Named Plaintiff and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The Named Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct.

37.     The Named Plaintiff will fairly and adequately represent and protect the interests of the Members of the Rule 23 Class; he understands that as Class representative, he assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately; he recognizes that as Class representative, he must represent and consider the interests of the Class just as he would represent and consider his own interests; he understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Class;  he recognizes that any resolution of a Class action must be in the best interests of the Class;  and he understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with Class counsel, and testify at depositions and/or trial. The Named Plaintiff has retained counsel competent and experienced in complex Class actions and employment litigation. There is no conflict between the Named Plaintiff and the Rule 23 Class Members.

38.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden that this litigation will require. The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to vigorously prosecute a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgements with respect to Defendants' practices.

39.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

40.     Defendants committed the following acts knowingly, intentionally, and willfully.

## NAMED PLAINTIFF'S FACTUAL ALLEGATIONS

41.     Consistent with their policies and patterns or practices as described herein, Defendants harmed the Named Plaintiff, individually, as follows:

42.     Plaintiff Sisco has been employed by Defendants for the last six (6) years and worked at Defendants' warehouse facility located at 69-07 69th Place, Glendale, New York.

43.     Plaintiff Sisco's wages were paid by Defendant Xpress, but Plaintiff Sisco performed work for Defendant Xpress and Defendant Smart USA.

44.     Plaintiff Sisco regularly performed work for Defendant Xpress and Defendant Smart USA in the same day until Defendant Smart USA was relocated.

10

45.     Throughout the relevant time period, Plaintiff Sisco worked Monday through Friday, inclusive from 7:00 a.m. until approximately 6:00 p.m.

46.     Defendants suffered or permitted Plaintiff Sisco to work over forty (40) hours in a single workweek and failed to pay Plaintiff Sisco the proper overtime premium compensation for all hours over forty (40) in a single workweek.

47.     Defendants suffered or permitted Plaintiff Sisco to work over ten (10) hours per day and did not pay Plaintiff Sisco one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of Plaintiff Sisco's workday was greater than ten (10) hours.

48.     Plaintiff Sisco's work schedule was controlled by Defendants.

49.     Defendants tracked Plaintiff Sisco's worktime through a timecard machine.  The machine would stamp the time on the card each time Plaintiff Sisco started and finished his shifts.

50.     Occasionally, the machine would stamp the wrong time and Plaintiff Sisco would have to get his timecard adjusted by management.

51.     Throughout the relevant time period, Plaintiff Sisco's job duties included: operating warehouse equipment, unloading merchandise from trucks, sorting merchandise in bins throughout the warehouse, preparing merchandise for shipment, cleaning the warehouse, and picking up unused wood pallets.

52.     In 2015, Defendants paid Plaintiff Sisco a regular hourly wage of $9.00 and an overtime premium of $13.12. See, *Exhibit A*.

53.     In 2016, Defendants paid Plaintiff Sisco a regular hourly wage of $11.00 and an overtime premium wage of $13.50. *Id*.

54.     In 2017, Defendants paid Plaintiff Sisco a regular hourly wage of $12.00 and an overtime premium of $16.50. *Id*.

55.     In 2018, Defendants paid Plaintiff Sisco a regular hourly wage of $14.50 and an overtime premium of $19.50. *Id*.

56.     In 2019, Defendants paid Plaintiff Sisco a regular hourly wage of $16.00 and an overtime premium wage of $22.50. *Id*.

57.     In 2020, Defendants paid Plaintiff Sisco a regular hourly wage of $16.00 and an overtime premium of $22.50. *Id*.

58.     In 2021, Defendants currently pay Plaintiff Sisco a regular hourly wage of $16.00.

59.     Plaintiff Sisco usually worked between fifty-five (55) to sixty-five (65) hours per week.  However, at all relevant times, Defendants did not pay Plaintiff Sisco for all of the hours that he worked.

60.     Defendants never paid Plaintiff Sisco the legally required overtime premium.

61.     Defendants never paid Plaintiff Sisco an extra hour of wages at the basic minimum hourly rate.

62.     Throughout the relevant time period, Defendants did not provide the Named Plaintiff with notices, or provided statutorily deficient notices, of the Named Plaintiffs' wages and applicable overtime premiums at the time they were hired or when their wages increased, as required by NYLL § 195(1).

63.     Throughout the relevant time period, Defendants failed to obtain and preserve signed acknowledgments from the Named Plaintiff confirming Defendants complied with their obligations under NYLL § 195(1).

64.    Upon information and belief, Defendants failed to obtain and preserve signed acknowledgements from the members of the prospective class, confirming Defendants complaint with their obligations under NYLL § 195(1).

65.    Throughout the relevant time period, Defendants provided statutorily deficient paystubs to the Named Plaintiff.  For example, the Named Plaintiff's paystubs failed to state all worktime in each pay period and failed to state the legally required overtime wage, as required by NYLL § 195(3). See, *Exhibit A*.

66.    Upon information and belief, members of the prospective class received paystubs from Defendants that failed to state all worktime in each pay period and failed to state the legally required overtime wage.

67.    Upon information and belief, Defendants failed to keep accurate records of wages earned or of the hours worked by the members of the prospective collective and class.

## COUNT 1
### (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*)

68.    The Named Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

69.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Named Plaintiff and the Members of the FLSA Collective.

70.    Defendants have failed to pay the Named Plaintiff and the Members of the FLSA Collective overtime wages to which they have been entitled under the FLSA - at a rate of 1.5 times their regular rate of pay - for all hours worked in excess of forty (40) per workweek.

Defendants' unlawful conduct, as described in this Collective and Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the

13

practices described in this Collective and Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Named Plaintiff and the Members of the FLSA Collective.

71.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72.    As a result of Defendants' violations of the FLSA, Named Plaintiff and the Members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgement interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### (New York Overtime Violations, NYLL §§ 650 *et seq.*)
### (N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4, 137-1.3)

73.    The Named Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

74.    At all times herein pertinent, Named Plaintiff and Members of the Rule 23 Class were employees of Defendants within the meaning of the New York Labor Law.

75.    Defendants are joint employers of the Named Plaintiff and Members of the Rule 23 Class within the meaning of the New York Labor Law.

76.    The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

77.    Defendants have failed to pay the Named Plaintiff and the Rule 23 Class Members the overtime wages to which they were and are entitled under the New York Labor Law.

78.     By Defendants' failure to pay the Named Plaintiff and the Rule 23 Class Members' premium overtime wages for hours worked in excess of forty (40) hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

79.     Defendants knew that the nonpayment of overtime pay would financially injure the Named Plaintiff and the Rule 23 Class Members.

80.     Due to Defendants' violations of the New York Labor Law, the Named Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgement and post-judgement interest.

## COUNT 3
**(New York Notice and Recordkeeping Violations, NYLL §§ 195, 198)**
**(Failure to Provide Time of Hire Wage Notices)**

81.     The Named Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

82.     Upon information and belief, Defendants have willfully failed to furnish the Named Plaintiff and the Rule 23 Class Members with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

83.     Through their knowing or intentional failure to provide Named Plaintiff and the Rule 23 Class Members with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

84.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Named Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of fifty dollars ($50.00) for each workday that Defendants failed to provide Plaintiffs with proper annual wage notices, or a total of five thousand dollars ($5,000.00) each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## COUNT 4
### (New York Notice and Recordkeeping Violations, NYLL §§ 195, 198)
### (Failure to Provide Proper Wage Statements)

85.     The Named Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

86.     Defendants have willfully failed to furnish Named Plaintiff and the Rule 23 Class members with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

87.     Through their knowing or intentional failure to provide the Named Plaintiff and the Rule 23 Class members with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

88.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Named Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of two hundred fifty dollars ($250.00) for each workday that Defendants failed to provide Plaintiffs with proper wage statements, or a total of five thousand dollars ($5,000.00) each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### COUNT 5
**(New York Spread of Hours Violations NYLL §§ 650 *et seq.*)**
**(N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.6)**

89.     The Named Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

90.     Defendants have willfully failed to pay the Named Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - has been greater than ten (10) hours.

91.     Through their knowing or intentional failure to pay the Named Plaintiff and the members of the Rule 23 Class spread of hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

92.     Due to Defendants' violations of the NYLL, the Named Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread of hours wages,

liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, the Named Plaintiff respectfully request the following relief:

A.      That, at the earliest possible time, the Named Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Warehouse Workers and Retail Employees who are presently working at, or who have worked at any time during the six (6) years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice.  Such notice shall inform the Warehouse Workers and Retail Employees that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting U.S. Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of the Named Plaintiff as representatives of the Rule 23 Class;

E.      Designation of undersigned counsel as Class Counsel;

F.      Payment of a service award to the Named Plaintiff in recognition of the services he has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

G.      Issuance of a declaratory judgement that the practices complained of in this Collective and Class Action Complaint are unlawful under the NYLL, Article 6 §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

18

H.      Unpaid overtime and spread of hours compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

I.      Statutory penalties of fifty dollars ($50.00) for each workday that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars ($5,000.00) for each Class Member, as provided for by NYLL, Article 6 § 198;

J.      Statutory penalties of two hundred fifty dollars ($250.00) for each workday that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper wage statements, or a total of five thousand dollars ($5,000.00) each, as provided for by NYLL, Article 6 § 198;

K.      Prejudgment and post-judgement interest;

L.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

M.      Reasonable attorneys' fees and costs of the action; and

N.      Such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: New York, NY
February 9, 2021

Respectfully submitted,

**THE LAW OFFICES OF
THOMAS H. ANDRYKOVITZ, P.C.**


/s/ Thomas Andrykovitz
By: _____
Thomas H. Andrykovitz, Esq.
260 Madison Avenue, 15th Floor
New York, NY  10017
T: (917) 719-0505
thomas@thomashenrylaw.com

*Attorneys for Plaintiff, the proposed Collective,
and the proposed Class*